**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON D. CARROLL, | 1:09-cv-01701-OWW-SMS-PC |
| Plaintiff, | ORDER DENYING MOTION TO ADD EXHIBITS TO COMPLAINT |
| v. | (Doc. 9.) |
| KEN CLARK, et al., | ORDER INFORMING PLAINTIFF HE HAS LEAVE TO AMEND THE COMPLAINT ONCE AS A MATTER OF COURSE |
| Defendants. | |
| | THIRTY DAY DEADLINE FOR PLAINTIFF TO FILE  FIRST AMENDED COMPLAINT OR NOTIFY THE COURT HE DOES NOT WISH TO FILE A FIRST AMENDED COMPLAINT |
| | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| | ORDER FOR CLERK TO RETURN LODGED EXHIBITS TO PLAINTIFF |
| _____/ | (Doc. 10.) |

**I.    MOTION TO ADD EXHIBITS TO COMPLAINT**

Vernon D. Carroll ("plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on September 28, 2009.  (Doc. 1.)  On October 15, 2009, plaintiff filed a motion to add exhibits to the complaint.  (Doc. 9.)  Plaintiff lodged the proposed exhibits on October 15, 2009, for the court's review.  (Doc. 10.)

### *Rule 15(a)*

Plaintiff is entitled to amend the complaint at this time. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, plaintiff has not previously amended the complaint. Therefore, plaintiff may amend the complaint at this time without leave of court.

### *Local Rule 15-220*

However, Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Under Rule 15-220, then, plaintiff cannot amend the original complaint simply by requesting the court to attach documents to it. Moreover, the court cannot add exhibits to the court's record by attaching them to documents already filed. Therefore, to amend the complaint, plaintiff must submit a First Amended Complaint which is a separate document complete in itself.

### *Exhibits*

In addition, plaintiff is advised that while exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

### *Amending the Complaint*

Should plaintiff choose to amend the complaint, plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The

complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after September 28, 2009. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on September 28, 2009.

Finally, the First Amended Complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

II.  **CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the court to add plaintiff's exhibits to the original complaint is DENIED;
2. Plaintiff is informed that he has leave to amend the complaint once as a matter of course;
3. Within thirty (30) days from the date of service of this order, plaintiff shall either:
    (1) File a First Amended Complaint using the court's form, or
    (2) Notify the court in writing that he does not wish to file a First Amended Complaint;
4. The First Amended Complaint, if any, should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:09-cv-01701-OWW-SMS-PC, and be an original signed under penalty of perjury;
5. The Clerk of the Court shall send to plaintiff one civil rights complaint form;

///

1      6.     The Clerk of the Court shall return to plaintiff the proposed exhibits he lodged on October 15, 2009; and

     7.     Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **November 16, 2009**                  /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE