# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON D. CARROLL,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01701-OWW-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Requirement**

       Plaintiff Vernon D. Carroll, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act) on September 28, 2009.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

II. **Summary of Complaint**

Plaintiff's complaint is three-hundred ninety-four pages long, is neither concise nor clear.[1] Plaintiff appears to be trying to bring claims for violation of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Americans with Disabilities Act (ADA), along with claims for violation of remedial plans in other civil cases that involved prison conditions in California. Plaintiff's claims appear to arise from the confiscation of his wheelchair and cane, his removal from a lower bunk/lower tier housing assignment, his removal from the Developmental Disability Program, discrimination in violation of the ADA, and inadequate or inappropriate medical care, including the failure to treat his ADHD. Plaintiff also alleges various violations of the California Penal Code.

Plaintiff may not sue Defendants for violation of the penal code. See Gonzaga University v. Doe, 536 U.S. 273, 283-86, 122 S.Ct. 2268 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); see also Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). However, Plaintiff may be able to allege sufficient facts to state claims for violation of his rights under the Constitution or the ADA. In the sections that follow, Plaintiff is provided with the legal standards he should utilize in drafting his amended complaint.

III. **Rule 8 Requirements**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

---

[1] The majority of the complaint is comprised of documentary evidence. While Plaintiff may attach exhibits to his complaint, it is not necessary and the Court will not wade through his exhibits and piece his claims together. See Fed. R. Civ. P. 8(a), 10(c). Plaintiff must set forth factual allegations in support of his claims, and any exhibits must be incorporated by reference. Plaintiff may not mingle his statement of claims in between the exhibits, as he has done. The exhibits should be attached at the end of the complaint. The Court will not sort through pages of documentary evidence in an effort to ensure that there are no handwritten factual allegations buried between the pages of evidence.

1  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge
2  unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal
3  quotation marks and citation omitted).  While factual allegations are accepted as true, legal
4  conclusions are not.  Iqbal, 129 S.Ct. at 1949.

5  Under section 1983, Plaintiff must demonstrate that each defendant personally participated
6  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires
7  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct.
8  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility
9  of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss,
10 572 F.3d at 969.

11 **IV.     Compliance with Rule 18**

12 Plaintiff may not proceed in this action on a myriad of unrelated claims against unrelated
13 defendants.  "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim
14 to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
15 independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
16 against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against
17 Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims
18 against different defendants belong in different suits, not only to prevent the sort of morass [a
19 multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required
20 filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals
21 that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."  George
22 v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

23 Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is
24 cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which
25 claims will proceed and will dismiss out all unrelated claims.

26 ///
27 ///
28 ///

V.     **Plaintiff's Claims**

    A.     <u>**Section 1983**</u>

        1.     <u>**Eighth Amendment**</u>

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Id.</u> (citing <u>McGuckin</u>, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." <u>Id.</u> (citing <u>McGuckin</u> at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. <u>McGuckin</u> at 1060 (citing <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985)).

        2.     <u>**Due Process**</u>

            a.     <u>**Procedural**</u>

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). To state a claim for denial of procedural due process, Plaintiff must allege, with sufficient specificity to state a plausible claim, the existence of a protected interest and the deprivation of that interest without the process he is due under federal law.

**b.** **Substantive**

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842, 118 S.Ct. 1708 (1998).

### 3.    Failure to Comply with Consent Decrees or Remedial Plans

In his complaint, Plaintiff refers to "the law" under Clark vs. California, Armstrong v. Davis, and Coleman v. Wilson, which are class actions. (Comp., Docs. 1 at court record p. 11 & 1-1 at court record p. 2.) While Plaintiff may allege independent claims for relief based for violation of his rights under federal law, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), Plaintiff may not rely on the violation of consent decrees or remedial plans in other cases to state a claim, Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999). Relief for violation of consent decrees or remedial plans must be pursued in the case in which the decree or plan was issued. Frost, 197 F.3d at 358-59; Crayton v. Terhune, No. C 98-4386 CRB (PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

**B.    ADA**

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

The treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d

882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

Further, Plaintiff may name the appropriate entity or state officials in their officials capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

## IV.   Conclusion and Order

Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 or the ADA. In addition, Plaintiff's complaint fails to comply with Rule 8 and Rule 18. Plaintiff may file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones, 297 F.3d at 934. There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed September 28, 2009, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 27, 2011**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE