# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON D. CARROLL, | CASE NO. 1:09-cv-01701-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KEN CLARK, et al., | (Docs. 18 and 20) |
| Defendants. | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Following Screening of Amended Complaint**

## I.   Procedural History

Plaintiff Vernon D. Carroll, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 28, 2009. On January 28, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims. On February 15, 2011, Plaintiff filed an amended complaint, and a motion seeking leave to amend. In a separate order, the Court denied Plaintiff's motion seeking leave to amend as unnecessary in light of the direction to amend. In the motion, Plaintiff included additional allegations. In the interest of justice, the Court will consider both the amended complaint and the additional allegations set forth in the motion.

## II.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**III.   Plaintiff's Claims**

    **A.   Summary of Amended Complaint**

Plaintiff, who is currently incarcerated at the California Rehabilitation Center (CRC) in Norco, brings this action against R. Jordt, a correctional officer at the California Substance Abuse Treatment Facility (SATF) in Corcoran, and Sofinski, a doctor of optometry at CRC. Plaintiff asserts that his rights under the Eighth Amendment of the United States Constitution were violated. Plaintiff's claims arise from the treatment of his medical conditions. In addition to damages, Plaintiff seeks the return of his wheelchair.

///

B. **Defendant Jordt**

1. **Allegations**

On November 27, 2007, a health services chrono was issued, noting Plaintiff had a permanent medical condition requiring a wheelchair outside of his cell and a cane. (Doc. 18, Amend. Comp., court record p. 6; Doc 20, Motion, p. 2.) On March 3, 2009, Defendant Jordt authored an informational chrono in which he documented that staff had observed Plaintiff performing various physical activities, but when Plaintiff noticed he was being watched, he would begin to walk like he was in great pain and go to his wheelchair, which he would then wheel around as if in great pain. (Amend. Comp., p. 7; Motion, pp. 2-3.)

On May 8, 2009, a staff member named Ortega requested that Plaintiff be reevaluated and the medical chrono authorizing his cane and wheelchair be rescinded if he did not need them. (Amend. Comp., p. 7.) Plaintiff was subsequently removed from the DPP (Disability Placement Program) on May 13, 2009, by T. Byers, PAC (Physician's Assistant, Certified). (Id., p. 8.) On September 5, 2009, Defendant Jordt stated that it felt good to take appliances and health care away from patients, and the union would back him up so he did not care. (Id., p. 5.)

Plaintiff alleges that Defendant Jordt took it upon himself to interfere with Plaintiff's medical care, and impermissibly intervened into Plaintiff's medical issues. Plaintiff alleges that as a correctional officer, Defendant Jordt has no medical training and acted outside the scope of his job duties. (Amend. Comp., pp. 4-5; Motion, pp. 2-3.)

2. **Discussion**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an

excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations and exhibits do not support his claim that Defendant Jordt violated his Eighth Amendment rights. Defendant Jordt issued an informational chrono documenting his belief that Plaintiff was malingering. Based on the difference in handwriting, someone other than Jordt reviewed the chrono and told non-party Ortega that the situation needed reviewed, prompting Ortega to request a reevaluation.

Despite Plaintiff's assertion to the contrary, Defendant Jordt did not remove Plaintiff from the disability program or confiscate his wheelchair. (Amend. Comp., p. 7.) Rather, Plaintiff was evaluated by medical staff and the decision to remove him from the DPP was made by medical staff. (Id.)

Plaintiff's amended complaint is devoid of any facts supporting a claim that Defendant Jordt acted with deliberate indifference to Plaintiff's serious medical needs. The issuance of the informational chrono documenting Defendant Jordt's suspicion that Plaintiff was faking his need for a cane and a wheelchair does not support an Eighth Amendment claim against Jordt. The Court recommends dismissal of this claim, with prejudice.

  **C.**  **Defendant Sofinski**

    **1.**  **Allegations**

Defendant Sofinski is an optometrist at CRC, yet Plaintiff is suing her for ordering an unnecessary CT scan of his brain that occurred at SATF. (Amend. Comp., p. 2; Motion, pp. 4-5.) Plaintiff's exhibits establish that the CT scan at issue was ordered on April 7, 2009, by a physician

at SATF. (Amend. Comp., pp. 9-10.) Plaintiff refused the test on May 15, 2009, but then underwent the test on May 29, 2009. (Id.) "S. Sofinski, MD, Ophthalmology" is written in the margin of the health care services request form, but there is no indication she ordered the test and it is unclear why her name was written in the margin.[1] (Id.)

Plaintiff alleges Defendant Sofinski should pay for the error in her judgment, which caused skin breakouts and other unspecific side effects. (Amend. Comp., p. 3 § V.) Plaintiff alleges that he did not request the test, and he was administered one bottle of liquid in each arm, which caused his skin to break out. (Motion, p. 3.) Plaintiff also alleges that he is having thyroid problems and is suing Defendant Sofinski for negligence and medical malpractice. (Id., pp. 3, 5.)

**2.     Discussion**

Plaintiff's exhibits do not support his allegation that Defendant Sofinski ordered the CT scan at issue, and none of his allegations support a claim that Defendant Sofinski acted with deliberate indifference to his serious medical needs. Accordingly, the Court recommends dismissal of the claim against Defendant Sofinski, with prejudice.

**IV.     Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with notice of the deficiencies and the applicable legal standards, and he was granted leave to amend. Plaintiff failed to cure the deficiencies, and in light of Plaintiff's allegations and exhibits, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

---

[1] Pierre is listed as Plaintiff's physician in CT scan report. (Amend. Comp., p. 10.)

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3 1153 (9th Cir. 1991).

7 IT IS SO ORDERED.

**Dated:   February 25, 2011**            /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE