# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON D. CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01701-OWW-SKO PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 31) |

      Plaintiff Vernon D. Carroll, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on September 28, 2009. On April 15, 2011, this action was dismissed, with prejudice, for failure to state any claims under section 1983 and judgment was entered. On April 25, 2011, Plaintiff filed a motion seeking reconsideration. Fed. R. Civ. P. 60(b)(6); Local Rule 230(j).

      Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, Plaintiff merely disagrees with the Court's finding that he failed to state cognizable claims for relief under section 1983. Plaintiff was provided with notice of the deficiencies in his claims and the opportunity to file an amended complaint, but his amended complaint did not state any claims and when the Magistrate Judge recommended dismissal of the action, Plaintiff presented no grounds in his objections that supported an additional opportunity to amend. (Docs. 17, 18, 23, 28.) Plaintiff's motion for reconsideration is similarly devoid of any showing that the Court erred in finding that Plaintiff's claims were not cognizable or that Plaintiff should be permitted another opportunity to amend.

Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   May 2, 2011**                             /s/ Oliver W. Wanger
                                                     UNITED STATES DISTRICT JUDGE